[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Jutta A. Cipriano commenced this action claiming a dissolution of her marriage to the defendant Juackino V. Cipriano, alimony, counsel fees, and equitable division of all real and personal property and such other remedy which at law or equity may appertain.
The defendant filed a cross complaint claiming a dissolution of the marriage, alimony, and equitable division of the marital assets and such other relief as the Court may find equitable.
The trial of the matter was held on November 6, 1996 and November 13, 1996, and the Court finds the following facts as proved:
(1) The plaintiff and the defendant were intermarried on February 6, 1971 at Norwich, Connecticut. CT Page 6860
(2) The plaintiff has resided continuously in this state for at least one year next preceding the date of the filing of her complaint.
(3) The marriage of the parties has broken down irretrievably.
(4) There are no minor children issue of the marriage.
(5) No other minor children have been born to the plaintiff wife since the date of the marriage of the parties.
(6) Both parties reside in the marital residence up till the time of this decision.
The cause of the breakdown is very difficult to ascertain. A major factor was the death of the daughter of the parties one day before her sixteenth birthday in 1993. The defendant does not want this dissolution to take place and would be glad to resume the full marital relations and remain married to the plaintiff. The defendant testifies that the marriage is irretrievably broken down but does not give any substantial evidence as to the cause. The plaintiff is 42 years old and has had various work experiences. She took a real estate course, and is a licensed hairdresser and has worked primarily as a hairdresser although she had been a bookkeeper for her husband's plumbing business for a number of years. Both parties were very young when they were married. She was 16 and he was 19. Plaintiff wife is presently working part time as a hairdresser earning approximately $170.00 per week gross and the net of approximately $139.00 per week. She had opened her own business and operated it for approximately three years but found that it was not profitable enough and closed it down and removed the equipment from that business to the family residence at 14 Old Fitch Hill Road, Uncasville.
(7) The defendant husband is 45 years old and has operated a plumbing and heating business of his own for the past approximately 12 years. His income fluctuates from year to year but basically he earns approximately $650.00 per week gross and approximately $408.00 a week net. At the immediate present time he is working a second job eight hours a night at the Mohegan Sun Casino from which he will earn a gross pay of $320.00 per CT Page 6861 week but for which he testifies he has not been paid as yet. He obviously cannot maintain both jobs and work 16 hours per day but he took the Mohegan Sun Casino job in the hopes that he would get in to the plumbing department there and be able to earn a better living. His son, the couple's only living child works for the defendant father and is paid $600.00 per week from the plumbing and heating business.
(8) After a close review of the testimony and evidence! submitted by the parties, the Court finds that the earning capacity of the defendant husband is $650.00 per week and the earning capacity of the wife should she choose to work full time at either hairdressing or bookkeeping would be approximately $350.00 per week.
(9) The parties have managed to accumulate considerable assets both real estate and cash and the Court finds that they have and own the following assets: (a) the marital residence at 14 Old Fitch Hill Road, Uncasville, Connecticut which has a value of $160,000.00 and a mortgage of somewhere between $24,000.00 and $30,000.00, leaving an equity of approximately $135,000.00.
(b) an unimproved building lot at Grove Street, Norwich which remains after the house on it was burned down and has a value of approximately $7,500.00.
(c) a two-family dwelling at George Street, Norwich having a value of $60,000.00, encumbered by a mortgage of approximately $15,000.00 and a net equity of $45,000.00.
(d) a two-family dwelling at Hallville Road in Preston having a value of $105,000.00 with a mortgage of $80,000.00 and a net equity of $25,000.00.
(e) a three-family dwelling at 1 Boswell Avenue, Norwich having a value of $53,000.00 and a mortgage of $63,000.00. While this property has no equity in it at the present time, there was testimony and evidence that the property could be restored and ready for occupancy upon the expenditure of $8,000.00. This would then produce a rental income and remove most if not all of the negative equity.
(f) Plaintiff wife has approximately $47,000.00 cash of which $42,000.00 remains from a life insurance payment CT Page 6862 of $50,000.00 that each of the parties received upon the death of their daughter in 1993.
(g) Plaintiff wife also has beauty shop equipment, a 1992 Cadillac automobile, some small accounts and miscellaneous household furnishings and equipment, the total value of which is approximately $10,000.00.
(h) Husband has his plumbing and heating business which consists of a truck valued at approximately $15,000.00 and also he has miscellaneous personal property and furnishings, a small bank account, an IRA account valued at approximately $5,000.00. The husband received $50,000.00 from life insurance proceeds, the same amount as the wife, but spent the money in various ways; some by paying income taxes of approximately $13,000.00 and others by paying debts of the business, and frankly was not quite clear and not quite able to explain where the entire $50,000.00 had been expended. The husband's business namely Cipriano Plumbing and Heating is extremely hard to value since if he were to die or cease working in that business it would have little or no value. Defendant husband claims that the accounts receivable and accounts payable are approximately the same with the exception that he may have $20,000.00 due from the City of Norwich which would put the business in a positive position, although he has testified that he has a $30,000.00 debt as a result of a large job for which he was not paid and that he is paying approximately $1,000.00 a month toward that debt.
(i) The defendant husband has conducted his business out of the property at 14 Old Fitch Hill Road, Uncasville, has maintained an office there and keeps his trucks and equipment there and has done so for approximately 12 years.
This Court would be remiss if it did not comment on the fact that the defendant husband either intentionally or through lack of knowledge seemed to have very little knowledge of the exact facts and figures regarding his business, his debts, his income, the insurance money which he expended and various other factors. His testimony was sprinkled with many, many "I don't know". The Court quite frankly is unable to ascertain whether this lack of knowledge is intentional or otherwise, but in view of the fact that he employs his son at $600.00 per week and has taken a second job full time in an attempt to advance his financial position, the Court is CT Page 6863 reluctantly inclined to give him the benefit of the doubt of his testimony.
After reviewing all of the facts found, the evidence presented and the statutory criteria as set forth in Connecticut General Statute §§ 46b-81 and 46b-82, the Court enters the following orders:
(A) The marriage is dissolved.
(B) The plaintiff wife is ordered to convey all of her right, title and interest in the jointly-owned real estate at 14 Old Fitch Hill Road, Uncasville, Connecticut to the defendant husband and he shall hold her harmless from and against any claims arising out of mortgage or any mortgage insurance, taxes or any other expenses connected with said property.
(C) The defendant husband is ordered to convey all of his right, title and interest in and to the real estate at 1 George Street, Norwich, Connecticut, Hallville Road, Preston, Connecticut, 1 Boswell Avenue, Norwich, Connecticut and 32 Grove Street, Norwich, Connecticut to the plaintiff wife and she shall hold him harmless from and against any mortgages, debts or claims arising out of said properties except for a possible $32,000.00 attachment on the Hallville property from Shetucket Plumbing and Supply which shall be the responsibility and liability of the defendant husband.
(D) The defendant husband is ordered to pay the sum of $9,500.00 which is represented according to the Court's review of the evidence by a check in the amount of $6,000.00 and another check or deposit in the amount of $3,500.00. In any event this $9,500.00 shall be applied as payment toward the back taxes due on the property known as 1 George Street, Norwich, Connecticut.
(E) The motor vehicle, bank accounts, deferred compensation plans, TransAmerica account (from daughter's estate) and beauty shop equipment totalling approximately $53,500.00 and more particularly described on the plaintiff's financial affidavit in Section B, D, G and H shall be the sole and exclusive property of the plaintiff wife. Plaintiff wife shall also have the right to store her beauty shop equipment at its present location, 14 Old Fitch Hill Road, for a period of six months at which time it shall be removed. CT Page 6864
(F) Defendant husband shall be entitled to retain all of the assets if any therebe of Cipriano Plumbing and Heating, his TransAmerica IRA and motor vehicles listed on his financial affidavit. These are specifically items listed in Paragraph B, D, E and H of his financial affidavit.
(G) Defendant husband shall pay to the wife as alimony the sum of $100.00 per week for a period of three years. Said sum to be non-modifiable as to duration or amount.
(H) No award of counsel fees is made to either party.
(I) Defendant husband shall continue to provide medical insurance for the benefit of the wife for a period of three years but the wife shall pay the monthly premium to the defendant husband and may discontinue the coverage of course at any time that she desires.
In the event that the parties are unable to agree, the division of personal property, including household goods and husband's firearms shall be submitted to Attorney Michael Shapiro for arbitration.
Judgment may enter accordingly.
R.T. O'Connell, J.